UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANDRA M. CASTILLO | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:21-CV-00134 |
| | § | |
| ROBERT K. BRUCKER, JR., | § | |
| T&T LOGISTICS LLC, | § | |
| MHC TRUCK LEASING, INC., and | § | |
| SCHNELL EXPRESS, LLC | § | |
| *Defendants.* | § | |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

### 1.  STATE COURT ACTION

1.1     Now come Schnell Express, LLC, Robert K. Brucker, Jr. and MHC Truck Leasing, Inc., Defendants in a civil action brought on January 5, 2021, in the 45th District Court of State of Texas, County of Bexar, entitled "Sandra M. Castillo v. Robert K. Brucker, Jr., T & T Logistics LLC, MHC Truck Leasing, Inc. and Schnell Express, LLC" Cause No. 2021CI00215.  The citation and petition in this action were served on Schnell Express, LLC, Defendant, on January 9, 2021.  The citation and petition in this action were served on Robert K. Brucker, Jr., Defendant, on January 19, 2021.  The citation and petition in this action were served on MHC Truck Leasing, Inc., Defendant, on January 11, 2021.  T & T Logistics LLC has not been served with process.  Instead, a company in Texas bearing an almost identical name (spacing is different) was improperly served with process on January 11, 2021.  A copy of all process and pleadings filed and/or served in the action are attached.

## 2. PARTIES

2.1     Plaintiff Sandra M. Castillo is a citizen of Texas and an individual residing in Bexar County, Texas.

2.2     Defendant Schnell Express, LLC is a Limited Liability Company formed under the laws of the State of Missouri and a citizen of the State of Missouri.

2.3     Defendant MHC Truck Leasing, Inc. is a Foreign For-Profit Corporation formed under the laws of the State of Missouri and a citizen of the State of Missouri.  MHC leased the tractor to Schnell.

2.4     Defendant Robert K. Brucker, Jr. is a citizen of Missouri.

2.5     Defendant T & T Logistics LLC is a Limited Liability Company formed under the laws of the State of Missouri and a citizen of the State of Missouri. (Hereinafter T & T Missouri). T & T Missouri has not made an appearance in this suit and has not been served with process.  A representative of a company with an almost identical name, T&T Logistics LLC, with a Texas address has been served with process and filed an answer *pro se* by its owner.  (Hereinafter T&T Texas) The answer filed by T&T Texas explains that it is not related to T & T Missouri or associated with Schnell Express, LLC or defendant Brucker.

## 3. JURISDICTION

3.1     This Court has jurisdiction over the subject matter of this cause, pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Plaintiff has pleaded for between $250,000.00 and $1,000,000.00 in her Plaintiff's Original Petition.

3.2     All properly named and served defendants to this suit are from Missouri.  Complete diversity exists, as the court should disregard the citizenship of T&T Texas, a citizen of Texas

because it was fraudulently served.   In this regard, as the Court is aware under the doctrine of

"fraudulent joinder" the Court can disregard a nondiverse or local defendant when (1) the plaintiff

has fraudulently plead jurisdictional facts to add the nondiverse or local defendant, (2) the plaintiff

has no possibility of establishing a cause of action against the nondiverse or local defendant, or (3)

the claims against the nondiverse or local defendant have no real connection to the claims against

the other defendants.  *See Salazar v. Allstate Tex. Lloyd's. Inc.*, 455 F3d 571, 574 (5th Cir. 2006);

*Triggs v. John Crunp Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

> 3.3.    A case on point is *Garnett v. Remington Arms Co*., 2018 U.S. Dist. Lexis 173087

2018 WL 4688813.  The court states in Garnett:

> "When considering whether joinder is improper for failure to state a claim, the
> removing party must establish that the district court has no reasonable basis to
> predict that the remanding party might be able to recover from the non-diverse
> defendant. *Smallwood*, 385 F.3d at 573. A court can accomplish this by applying
> one of two tests; the court can: (1) choose to conduct a Rule 12(b)(6)-type analysis;
> or (2) pierce the pleadings and conduct a summary inquiry. *Int'l Energy*, 818 F.3d
> at 207; *Smallwood*, 385 F.3d at 573.
>
> A court may choose to use either one of these two analyses, but it must use one and
> only one of them, not neither or both. *Int'l Energy*, 818 F.3d at 207. Any piercing
> of the pleadings should not entail substantial hearings. *Smallwood*, 385 F.3d at 573-
> 74 ("While the decision [*5] regarding the procedure necessary in a given case
> must lie within the discretion of the trial court, we caution that a summary inquiry
> is appropriate only to identify the presence of discrete and undisputed facts that
> would preclude plaintiff's recovery against the in-state defendant").
>
> The Fifth Circuit has made it clear that the federal pleading standard is the
> appropriate standard to apply when conducting a Rule 12(b)(6)-type analysis on a
> motion to remand. *Int'l Energy*, 818 F.3d at 208. The Supreme Court has explained
> how Plaintiffs can meet the federal pleading standard in the *Bell Atlantic Corp. v.
> Twombly* and *Ashcroft v. Iqbal* opinions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
> 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662,
> 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). To meet the federal pleading
> standard, Plaintiff's pleadings must contain sufficient facts to state a claim to relief
> that is plausible on its face. *Twombly*, 550 U.S. at 556. It must provide more than a
> mere possibility of recovery. *Id.* (holding that requiring "plausible grounds to infer
> an agreement does not impose a probability requirement at the pleading stage; it
> simply calls for enough facts to raise a reasonable expectation that discovery will

reveal evidence of [the defendant's misconduct]."). The pleading must contain more than just labels and conclusions that merely restate the elements of the cause [*6] of action. *Iqbal*, 556 U.S. at 678.

See also, *Humble v. Arctas Mariah Energy, LLC,* 2020 U.S. Dist. LEXIS 138121, p 11*; Mendoza v. Vito Trans United States, LLC,* 2018 U.S. Dist. LEXIS 228454, 2018 WL 7288768. (stating the trial court can perform a hybrid analysis using both a summary inquiry and a Rule 12(b)(6) analysis to dispose of alternative arguments.)

3.4     Defendants recognize that Plaintiff has sued Defendant T & T Logistics LLC. and have served T&T Texas, which has an almost identical name as T & T Missouri.     Plaintiff fraudulently and improperly served T&T Texas to defeat diversity jurisdiction.

3.5     This case arises from a motor vehicle accident involving a vehicle operated by Plaintiff and an 18-wheeler driven by Defendant Brucker.  At the time, Brucker was operating under the authority of and in the course and scope of employment for Schnell Express.  MHC leased the tractor to Schnell.

3.6     T & T Missouri is a broker that works closely with Schnell.  At least some of Schnell's trucks carry the T & T Missouri logo. (T & T Missouri did not broker the load being transported at the time of this accident, but that is not an issue currently before this Court.)  T&T Texas has no relation to Brucker, Schnell, T&T Missouri or MHC.  It merely shares a similar name to T & T Missouri.  There is no fact pleaded in Plaintiff's Original Petition that establishes any connection T&T Texas has to this accident, the co-defendants, or places any responsibility on T&T Texas for this incident.  Nor can there be.  (See the Answer filed by the owner of T&T Texas contained within the case file of the state court action.  For example, the USDOT number listed in the police report is the number for Schnell and not T&T Texas.)

3.7     More specifically, plaintiff pleads the following:

On or about January 9, 2019, Plaintiff was traveling northbound on Interstate Highway 10 West in San Antonio, Bexar County, Texas.  Defendant BRUCKER was operating a large, commercial tractor/trailer owned by (or under the authority and control of) Defendants T&T LOGISTICS, LLC, MHC TRUCK LEASING, INC., and/or SCHNELL EXPRESS, LLC.  Defendant BRUCKER was traveling parallel to Plaintiff when he suddenly made an unsafe lane change colliding with Plaintiff's vehicle. Defendant Brucker then attempted to flee the scene and was later stopped by law enforcement. As a proximate result of the aforementioned collision, Plaintiff was injured.

See Paragraph VII of Plaintiff's Original Petition.  Plaintiff makes no connection between T&T Texas and Brucker, Schnell or the other defendants.

3.8     Plainly stated, Defendant T&T Texas cannot be held responsible for Schnell's and Brucker's alleged negligence in the January 9, 2019 accident.  Defendant T&T Texas was not involved in the accident.  Plaintiff has pleaded no facts that potentially tie T&T Texas to this accident or to the other Defendants.

3.9     If necessary, this Court can pierce the pleadings and conduct a summary inquiry of the jurisdictional facts.  For example, the facts contained in T&T Texas' pro se answer filed in state court have not been  disputed by Plaintiff.  It is apparent that they cannot be.  In addition, by this Notice of Removal, Schnell and Brucker have admitted involvement in the accident made the basis of this suit, but they deny association with T&T Texas.  They also deny liability. Affidavits can be provided if necessary.

3.10    Analyzing the parties properly before this Court, Plaintiff is a citizen of Texas as pleaded in her Plaintiff's Original Petition.  Defendants Schnell Express, Brucker, MHC and T & T Missouri are all  citizens of Missouri.  As all defendants are diverse from the plaintiff, diversity of citizenship exists.

3.11    Therefore, as this Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332, this cause is removable to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.

## 4. VENUE

4.1    Venue is proper in the Western District of Texas under 28 U.S.C. § 1441(a) because the state court where suit has been pending (45[h] District Court of State of Texas, County of Bexar) is located in the Western District of Texas.

## 5. PRAYER

5.1    WHEREFORE, Schnell Express, LLC, Robert K. Brucker, Jr. and MHC Truck Leasing, Inc., pursuant to these statutes and in conformance with the requirements set forth in *28 U.S.C. § 1446*, remove this action for trial from Cause No. 2021CI00215; Sandra M. Castillo v. Robert K. Brucker, Jr., T&T Logistics LLC, MHC Truck Leasing, Inc. and Schnell Express, LLC, in the 45th District Court of State of Texas, County of Bexar on this 5th day of February 2021.

Respectfully submitted,

ESPEY & ASSOCIATES, PC
12400 San Pedro Avenue, Suite 200
San Antonio, Texas 78232
Telephone:     (210) 404-0333
Telecopier:     (210) 404-0336

By:_____
          R. MATT LAIR
          State Bar No. 11795410
          * Email:   espeyservice@lawespey.com

ATTORNEY FOR DEFENDANTS,
SCHNELL EXPRESS, LLC,
ROBERT K. BRUCKER, JR., and
MHC TRUCK LEASING, INC.

          *service by email to this address only

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument was forwarded by electronic transmission and/or first-class mail and/or facsimile transmission and/or certified mail, return receipt requested on the 5th day of February, 2021, to:

Jay Moore
WAYNE WRIGHT, LLP
5707 Interstate Ten West
San Antonio, Texas 78201
Facsimile:  (210) 734-9965
Email: jmoore@waynewright.com
*Attorneys for Plaintiff*

Eric Talla
T&T Logistics LLC
805 Nolan Ryan Dr.
Midland, TX 79706
Email: Ttlogistics450@gmail.com
*Pro- Se For Defendant,*
*T&T Logistics LLC*

_____
R. MATT LAIR